FILED

MAY 28 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DAVID STEBBINS** | | **PLAINTIFF** |
| VS. | Case: 1:14-cv-00900<br>Assigned To : Unassigned<br>Assign. Date : 5/28/2014<br>Description: Pro Se Gen. Civil | |
| **HAZEL KEAHEA** | | **DEFENDANT** |

## COMPLAINT, JURY DEMAND, AND FOR MARSHAL SERVICE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Complaint against the above-named Defendant, as well as for retaliation under the Rehabilitation and Americans with Disabilities Acts.

1. I was representing myself in two cases in the Court of Federal Claims (or CFC for short). The first was Case No. 12-289, and the other was Case No. 12-296. Both cases were summarily dismissed pursuant to FRCP 12(b).

2. I filed two technically perfect notices of appeal, one for each case, but I received a letter, signed by the Defendant (who is the Clerk of Court of Federal Claims) saying that she would not docket anything. She even sent it to the wrong address (possibly so that I would hopefully not find out about the situation until it was too late).

3. The source of this vendetta against Plaintiff is undoubtably his litigation history. However, the Court can take judicial notice that the majority of Plaintiff's lawsuits have been either for disability discrimination, or for retaliation. Therefore, this vendetta is outlawed by the retaliation laws found in the Rehabilitation and Americans with Disabilities Acts.

## DISCUSSION AND LAW

4. For the reasons set forth below, I am entitled to relief as a matter of law:

RECEIVED
MAR : 1 2014
Clerk, U.S. District and
Bankruptcy Cou...

RECEIVED
Mail Room
MAR 3 1 2014
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

MAY 07 2014

1

## Propriety of this Defendant.

5.  I had previously filed a claim in this court against the United States (See Case No. 12-2029 in this Court), but it was dismissed because I was not aware of the precedent of FDIC v. Meyer, 510 US 471 (1994) ("In essence, Meyer asks us to imply a damages action based on a decision that presumed the *absence* of that very action." Id at 485).

6.  However, although the federal government may yet be immune from suit, the precedents upon which that dismissal was based also provided Appellant with at least *some* form of remedy: A suit against the federal *agents*. Since the signature on the letter stating the appeal notices would not be signed belongs to Chief Clerk Hazel Keahea, she is the one who is liable to me for this failure to file.

## Sovereign Immunity

7.  The Clerks do not receive judicial immunity in this case. See *Antoine v. Byers & Anderson*, 508 US 429 (1993).

8.  As far as qualified immunity is concerned, Plaintiff cites the persuasive precedent of McCray v. State of Maryland, 456 F. 2d 1, 6 (4th Cir. 1972):

> "If plaintiff's allegations are true, it is clear that his constitutionally based right of access to courts has been violated. Of what avail is it to the individual to arm him with a panoply of constitutional rights if, when he seeks to vindicate them, the courtroom door can be hermetically sealed against him by a functionary who, by refusal or neglect, impedes the filing of his papers? Viewing plaintiff's complaint with the liberality customarily afforded *pro se* pleadings, it is unmistakably clear from the face of the complaint that it sufficiently alleges that he was barred access to the courts. This denial of a constitutional right of momentous importance is redressable under section 1983." (internal citations omitted).

9.  Qualified immunity is lost when a government agent's actions violate clearly established law. The duty of the Court of Clerk to file technically perfect notices of appeal is clearly

established. Therefore, qualified immunity does not exist.

10.     Even if qualified immunity existed in the first instance, it is still lost, here. Because of the circumstances spoken of in Paragraph #3 of this complaint, the Defendant's actions constitute violations of the Rehabilitation and Americans with Disabilities Acts, of which there is still no immunity. See *Barbour v. Washington Metropolitan Transit Authority*, 374 F. 3d 1161 (D.C. 2004). Furthermore, since the injury suffered as a result of this retaliation was a deprivation of court access, immunity is also abrogated under *Tennessee v. Lane*, 541 U.S. 509 (2004).

11.     Therefore, the Clerks of the Court of Federal Claims are not immune from suit.

## DEMAND FOR RELIEF

12.     Since the opportunity for Plaintiff to appeal his cases in the Court of Federal Claims has expired, injunctive relief would be insufficient. "It is damages or nothing." See *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 US 388, 410 (1971). Therefore, Plaintiff demands that the Defendant be ordered to compensate Plaintiff for the damages demanded in those two cases.

13.     In the event that a trial is required to resolve facts, Plaintiff asks that the case be tried by a jury of his peers.

## MOTION FOR MARSHAL SERVICE

14.     I am moving for leave to proceed *in forma pauperis* in this case. If this is granted, I ask that the Marshal be charged with serving process on the Defendants, pursuant to Fed. R. Civ. P. 4(c)(3).

## CONCLUSION

15.     Wherefore, premises considered, Plaintiff hopes that the Court, this time, award relief to him in the above-styled action.  So requested on this 27th day of March, 2014.

David Stebbins<br>
123 W. Ridge St.,<br>
APT D<br>
Harrison, AR 72601<br>
870-204-6516<br>
stebbinsd@yahoo.com