FILED

MAY 28 2014

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**DAVID STEBBINS**                                                              **PLAINTIFF**

VS.                            CASE NO. 14-_14-900_

**HAZEL KEAHEA**                                                      **DEFENDANT**

## MOTION FOR APPOINTMENT OF COUNSEL OR IN THE ALTERNATIVE FOR ECF ACCESS.

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Appointment of Counsel or, at the very least, access to this Court's electronic case filing system.

1. As the Complaint of this case has already been explained in the Complaint of this case (see Paragraph #5), Plaintiff has already tried once before to seek relief concerning this issue. It was dismissed because Plaintiff made a rather egregious mistake that is only forgivable when you consider that Plaintiff is *pro se*.

2. It has become clear that this is an exceptionally complex and complicated case, and if Plaintiff were made to represent himself throughout the entirety of this case, it would like be extremely plagued with mistake after mistake, delay after delay.

3. To keep this case running efficiently, Plaintiff asks this Court to appoint an attorney to represent his interests in this case.

4. Plaintiff has actually made an effort to secure counsel before, on contingency. If an attorney chose to afford an explanation as to why he would not take Plaintiff's case, the explanation was always that suing the clerks of the court (aka the hand that feeds them) was bad for business. No one advised Plaintiff that he was not entitled to any relief (assuming he got the correct defendant); it was purely a political issue and absolutely nothing more.

3

RECEIVED
Mail Room

MAR 31 2014

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

5.	There is an additional reason why this Court should appoint counsel: Plaintiff has no vehicle. This Court is required to make court access affordable to indigent litigants; see *Boddie v. Connecticut*, 401 US 371 (1971). Because Plaintiff has no way of traveling to D.C., this Court, in compliance with that precedent, must either rule on all motions (such as motions to compel discovery) without oral hearing, allow Plaintiff to make his appearances via telephone, or appoint counsel to represent Plaintiff's interests in court for him.

6.	If the Court will not appoint counsel, Plaintiff at leasts asks the Court to afford access to the Court's electronic case filing system. While this would not eliminate *pro se* errors[1], it would at least facilitate communications between Plaintiff and the Court, causing *pro se* errors to be more quickly resolved.

7.	Wherefore, premises considered, Plaintiff prays that this motion be granted.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

---

[1] A "pro se error" is a mistake that is commonly made by pro se litigants.