FILED
MAY 28 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

David Stebbins,           )
                          )
         Plaintiff,       )
                          )
    v.                    )   Civil Action No. 14-900
                          )
Hazel Keahea,             )
                          )
         Defendant.       )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's complaint and the accompanying application to proceed *in forma pauperis*. For the following reasons, the Court will grant the *in forma pauperis* application and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff has identified the defendant as the Clerk of Court of the United States Court of Federal Claims. *See* Compl. ¶ 2. Although he purports to sue under the Rehabilitation Act and the Americans with Disabilities Act ("ADA"), *see id.* at 1, plaintiff does not claim to have a disability and he has not alleged that he was discriminated against because of a disability. Rather, plaintiff speculates that defendant has a "vendetta" against him for "his litigation history" and has retaliated against him particularly because "the majority of [his] lawsuits have been either for disability discrimination, or for retaliation." *Id.* ¶ 3. He claims that "this vendetta is outlawed by the retaliation laws found in the Rehabilitation and Americans with Disabilities Acts." *Id.* Plaintiff identifies his injury as "a deprivation of court access," *id.* ¶ 10, and he seeks

1

damages based on defendant's alleged refusal to docket his "two technically perfect notices of appeal . . . ." *Id.* ¶ 2.

The only contact plaintiff alleges he had with defendant is a signed letter he received, "saying that she would not docket anything." Compl. ¶ 2. This lawsuit can be read only as brought against the defendant in her official capacity, which is in effect against the United States. The United States may be sued only upon consent. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). The FTCA does not apply to the instant complaint arising out of the decisions of the Clerk of a federal court. *See Stebbins v. United States*, --- Fed. Appx. ---, 2014 WL 590606 (D.C. Cir. Jan. 30, 2014 ) ("Appellant has not established any basis for [FTCA] liability against the United States arising out of his claim that clerks of the U.S. Court of Federal Claims failed to file his notices of appeal."). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

DATE: May 6th, 2014

/s/ Beryl A. Howell
United States District Judge