# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DAVID STEBBINS,

    Plaintiff,

v.

    Civil Action No. 14-0900 (UNA)

HAZEL KEAHEA.,

    Defendant.

**FILED JUN 3 0 2014** Clerk, U.S. District and Bankruptcy Courts

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Amend Judgment, which is construed as one under Rule 59(e) of the Federal Rules of Civil Procedure. "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation and internal quotation marks omitted). None of these circumstances is evident.

The Court dismissed plaintiff's complaint because it failed to state a claim against the Clerk of Court of the United States Court of Federal Claims under either the Rehabilitation Act or the Americans with Disabilities Act. *See Stebbins v. Keahea*, No. 14-900, 2014 WL 2611154, at *1 (D.D.C. May 28, 2014). According to plaintiff, the Court "should have read a Bivens Action into the complaint, and should have then realized that, if the statements in Plaintiff's complaint are indeed true, he would be entitled to relief against the Defendant." Mot. to Amend J. ¶ 7. Not so. Although a claim against a federal official for alleged constitutional violations may be brought under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff's complaint fails to allege a constitutional violation at all.

1

The Court is mindful of its obligation to construe the plaintiff's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that allegations a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). "Liberal construction does not require a court to conjure allegations on a litigant's behalf," *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citation omitted), or to create a claim that a plaintiff failed to include in his pleading, *see Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985) ("Though [*pro se*] litigants cannot . . . be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them.").

Accordingly, it is hereby

ORDERED that the plaintiff's Motion to Amend Judgment is DENIED.

SO ORDERED.

DATE: 6/26/14

United States District Judge