# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 14-5211          September Term, 2014

1:14-cv-00900-UNA

Filed On: March 9, 2015

David Stebbins,

    Appellant

v.

Hazel Keahea,

    Appellee



ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Tatel and Brown, Circuit Judges; Ginsburg, Senior Circuit Judge

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed May 28, 2014, and June 30, 2014, be affirmed. Appellant provides no basis for his claims under the Americans with Disabilities Act or the Rehabilitation Act. To the extent appellant filed suit against the appellee in her official capacity for damages based on an alleged constitutional violation, the United States "has not rendered itself liable under [the Federal Tort Claims Act] for constitutional tort claims." FDIC v. Meyer, 510 U.S. 471, 478 (1994). And to the extent appellant contends his complaint should be construed as raising claims pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), these claims fail because the appellee is immune from appellant's suit for damages, as the acceptance of filings is "an integral part of the judicial process." Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

A True copy:

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk